**UNITED STATES of America,**

v.

**Craig Alan LEVI Craig
A. Levi, Appellant,**

Nos. 01–2332, 01–2335, 01–2333, 01–2336, 01–2334.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 24, 2002.

Feb. 5, 2002.

Before NYGAARD and STAPLETON, Circuit Judges, and SLEET,* District Judge.

## MEMORANDUM OPINION OF THE COURT

STAPLETON, Circuit Judge.

Appellant Craig A. Levi pled guilty to wire fraud, aiding and abetting wire fraud, use of false identification to commit wire and mail fraud, interstate transportation of stolen property, and wire fraud while on release. After filing a timely appeal, defense counsel filed a motion to withdraw as counsel and a brief in support of this motion pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Defense counsel determined after a conscientious review of the record that "there are no non-frivolous issues for review."

In accordance with the mandate of *Anders,* we have performed an independent review of the record to determine whether it presents any non-frivolous issues that would justify review. Because we conclude that it does not, we will affirm the judgment of the District Court and grant defense's counsel motion to withdraw.

Counsel identified one arguable non-frivolous issue for review in his brief: whether the District Court abused its discretion by departing only one level downward in response to appellant's motion to depart on the ground that appellant's crimes were committed while he was suffering from a significantly reduced mental capacity. We lack jurisdiction to review an exercise of discretion by a District Court in granting or denying a departure. *United States v. Denardi,* 892 F.2d 269 (3d Cir.1989).

The appeal will be dismissed for want of jurisdiction insofar as it asks us to review

---

* Honorable Gregory M. Sleet, United States District Judge for the District of Delaware,   sitting by designation.

the failure to grant a greater departure. The judgment of the District Court will be affirmed and counsel's motion to withdraw will be granted. Further, pursuant to L.A.R. 109.2(b), we find that "the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court."